# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DERICK RITTER | No. 11-CR-40037-FDS |

## DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY

The defendant, Derick Ritter, moves this Court, pursuant to Federal Rule of Criminal Procedure 59, to set aside the Magistrate Judge's order denying Mr. Ritter's motion to compel discovery. The requested discovery is material to Mr. Ritter's defense, is potentially exculpatory, and must be disclosed in accordance with the Due Process Clause of the U.S. Constitution, the Federal Rules of Criminal Procedure, and the Local Rules of the United States District Court for the District of Massachusetts. See U.S. Const. Amend. V; Fed. R. Cr. P. 16(a)(1)(E); Local Rule 116.3(G).

### Factual Background[1]

Mr. Ritter has been charged in a three count indictment alleging that he violated 18 U.S.C. §§ 2251(a), 2423(b), and 2422(b). The government alleges that Mr. Ritter met the victim, "Jane," on a website called Stickam in 2008, when Jane was 15 and the defendant was 36. Jane was active on Stickam using the screen name "Scrunchkin" before she met Mr. Ritter online.

Stickam is a social networking site that allows its members to broadcast live video of themselves via webcam and conduct face-to-face video chats with other users. In an article

---

[1] This information is drawn from discovery received from the government. Mr. Ritter sets out these facts to orient the Court, and does not endorse them as true or correct.

written by the New York Times in January of 2007, the Los Angeles based company boasted that it had 260,000 registered users–50,000 of which said their age was between 14-17– and that it was adding 2-3,000 users per day. Young Turn to Web Sites Without Rules, N.Y. Times, Jan. 2, 2007, available at http://www.nytimes.com/2007/01/02/technology/02net.html?pagewanted=1&_r=1. Stickam has been criticized for specifically targeting young people without monitoring or policing the content of its users live video streams. Id. According to Stickam.com, a new member can "be live" less than a minute after creating an account. Members can decide whether they want to allow all users to view their live video stream or to limit access to a select group of "friends." Every member, regardless of age, has control over this aspect of his or her live "showings." A Stickam member can browse the site to see who is online and can request to join that another member in a private chat room. The site allows the presenter of the live video stream to charge other users money in order to view their content.

The government alleges that Mr. Ritter's conversations with Jane on Stickam became sexual in nature and that he asked her to perform sexual actions for him on video. The government asserts that Mr. Ritter recorded these performances. At the end of April, 26, 2008, Mr. Ritter visited Jane in Massachusetts and the two had a sexual encounter, parts of which he filmed. Mr. Ritter and Jane continued to communicate online, and in July 2008, Jane agreed to visit Mr. Ritter in Pennsylvania, but eventually canceled the trip. Mr. Ritter did not coerce Jane to perform on Stickam, and other individuals were watching her performances. His discovery requests relate to these facts.

The government has stated that Count One is based on the videos of Jane found on Mr.

2

Ritter's computer. Count Two is based solely on Mr. Ritter's trip to Massachusetts. Count Three is based on Mr. Ritter's attempts to induce Jane to perform sexually explicit acts on Stickam and on his attempts to induce Jane to engage in sexual acts with him when they met in Massachusetts.

## Discovery Requests

On April 30, 2012, counsel filed a motion to compel discovery seeking any evidence related to the forensic examination of Jane's personal computer, as well as any statements she made to law enforcement related to her use of Stickam. Prior to filing this motion, counsel made oral requests of the Assistant United States Attorney seeking this discovery. The government filed an opposition to Mr. Ritter's motion for discovery. On May 30, 2012, the Magistrate Judge denied Mr. Ritter's motion asking for the evidence immediately as material to his defense under Local Rule 116.2(b)(1). The Magistrate Judge allowed the motion and ordered the government to disclose the requested information within 21 days of trial as evidence relating to a witness's credibility under Local Rule 116.2(b)(2).

## Argument

It is long established law that the government has a constitutional "duty to disclose evidence in its possession that is favorable to the accused and material to guilt or punishment." United States v. Prochilo, 629 F.3d 264, 266 (1st Cir. 2011) (citing Brady v. Maryland, 373 U.S. 83 (1963)). Additionally, the Federal Rules of Criminal Procedure require that:

> [u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at

>trial; or
>(iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). The Local Rules require that any evidence that is discoverable under Fed. R. Crim. P. 16(a)(1)(E) or Brady must be disclosed to the defendant within 28 days of arraignment. Local Rules 116.1(c)(1)(A), 116.2(b)(1)(A).

The discovery that Mr. Ritter seeks is material to his defense, and he asks this Court to order its disclosure. Count One, and part of Count Three, rests on a video of Jane masturbating live on her Stickam account. She engaged in this conduct of her own free will, and was not coerced or encouraged to behave this way by Mr. Ritter. Further, Mr. Ritter was not the only Stickam user in Jane's chat room session at the time she broadcasted that video; other individuals watched her live conduct. The sad reality is that she would have engaged in this activity online, regardless of Mr. Ritter's involvement. Therefore, any information generated by the government's forensic examination of Jane's computer related to all of her activities on Stickam is material and exculpatory. See Kyles v. Whitley, 514 U.S. 419 (1995). Similarly, any statements she may have made to law enforcement agents related to her behavior on Stickam and its voluntariness are exculpatory as they are relevant to the issue of whether Mr. Ritter coaxed her into masturbating online on the occasion in question. All of this evidence is material to the issue of whether Mr. Ritter induced Jane's behavior in any way.

In order for Mr. Ritter to be found guilty of Count One, the government must prove, inter alia, that he employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct. 18 U.S.C. § 2251(a). The government asserted, and the Magistrate Judge agreed, that the government can satisfy this element by showing that the defendant photographed a minor engaged in sexually explicit conduct. However, the statute is not as clear

as the government suggests. The government cites a Second Circuit case in support of its position. United States v. Sirois, 87 F.3d 34 (2nd Cir. 1996). In Sirois, the defendant was convicted of violating § 2251(a) for videotaping two minors engaged in sexually explicit behavior. Id. at 37-38. The Second Circuit held that this prong of § 2251(a) "is fully satisfied for the purposes of the child pornography statute if a child is photographed in order to create pornography." Id. at 41. However, the government did not cite a later Second Circuit case that clarified this holding. In United States v. Broxmeyer, 616 F.3d 120, 122 (2nd Cir. 2010), the defendant was convicted of violating § 2251(a) based on two sexually explicit pictures that a minor took of herself and gave to the defendant while the two were engaged in a sexual relationship that was legal under state law. The Court first noted that many of the words contained in § 2251(a) are words of causation, and held that the defendant "could only persuade, induce, or entice [the minor] to take Photos 1 and 2 if his persuasion, inducement, or enticement came *before* she took them." Id. at 125. The Court distinguished Sirois:

> Our analysis in United States v. Sirois, 87 F.3d 34 (2d Cir.1996), is not to the contrary. There, the defendant himself took the pornographic pictures, and he was convicted of "using" the minors in violation of § 2251(a). In rejecting the sufficiency challenge in that case, we held that "a defendant can be found to have 'used' a minor to produce child pornography if the minor serves as the subject of the illicit photographs *taken by the defendant*." Id. at 43 (emphasis added). Here, the photographs were taken *by A.W.*, not Broxmeyer, and (to repeat) there is no evidence he induced her to take them.

Id. at 126.

Similarly, the government cites two Eighth Circuit cases for the proposition that elements of the statute are met if the defendant photographs a minor engaged in sexually explicit conduct, even if the defendant does not prompt or cause the minor's conduct. See United States v. McCloud, 590 F.3d 560, 566 (8th Cir. 2009); United States v. Fadl, 498 F.3d 862, 866 (8th Cir.

5

2007). However, the government does not cite a more recent Eighth Circuit case that contradicts the government's proposed reading of the statute. In United States v. Mayer, 674 F.3d 942, 944 (8th Cir. 2012), the defendant was accused of engaging in sexually explicit communications with a minor. Sometimes the defendant sent the minor sexually explicit pictures of himself, and sometimes the minor sent the defendant sexually explicit pictures of herself. Id. The minor testified that she did these activities "'of her own free will.'" Id. The defendant was convicted of violating 18 U.S.C. § 2251(a). Id. In upholding the defendant's conviction, the Eighth Circuit discussed Broxmeyer and explained that Broxmeyer "focused on the government's failure to establish that the pictures were taken after a solicitation or enticement, which is obviously necessary for a conviction." Id. at 946. This statement requiring some action by the defendant prompting the creation of the images indicates that the statute is not satisfied where the defendant just takes a picture of a minor engaged in sexually explicit conduct.

The First Circuit has explicitly declined to rule on this issue, stating that "[w]hether something less than instigation might suffice [to prove a violation of 18 U.S.C. § 2251(a)] need not be decided." United States v. Ortiz-Graulau, 526 F.3d 16, 19 (1st Cir. 2008). Given the unsettled nature of the law, Mr. Ritter must be permitted to explore the merits of the argument that he did not entice or persuade Jane to engage in the conduct. In order to explore this argument, Mr. Ritter needs the requested discovery. Information about Jane's behavior online and her use of Stickam is, thus, material to the preparation of Mr. Ritter's defense.

Similarly, the requested discovery is material to the preparation of Mr. Ritter's defense to Count Three. As the government acknowledges, to prove a violation of 18 U.S.C. § 2422(b), it must establish that Mr. Ritter "persuaded, induced, enticed or coerced Jane to 'show' for him."

6

Gvt's Resp. to Motion to Compel Discovery, dkt. #24, at 7. The government argues that this statute focuses on Mr. Ritter's conduct, not on Jane's, and that he is not entitled to discovery related to Jane's conduct. The government ignores the fact that Jane's conduct is directly relevant to proving his own conduct. Mr. Ritter does not intend to argue that Jane invited the conduct, rather that Mr. Ritter did not induce the conduct in any way. The requested discovery may contain indications that Mr. Ritter did not induce Jane. Mr. Ritter must be able to explore this defense, and he needs the requested discovery in order to do so. Just as it is material to the defense of Count One, the requested discovery is material to Mr. Ritter's defense to Count Three.

## Conclusion

For the foregoing reasons, Mr. Ritter is entitled to the above requested discovery under the Due Process Clause of the Constitution as well as Federal Rule of Criminal Procedure 16 and Local Rule 116.

                                                **Respectfully submitted,**
                                                **DERICK RITTER**
                                                **By His Attorney,**

                                                */s/ Oscar Cruz, Jr.*
                                                **Oscar Cruz, Jr.**
                                                **BBO# 630813**
                                                **Federal Public Defender Office**
                                                **51 Sleeper Street, 5th Floor**
                                                **Boston, MA 02210**
                                                **617-223-8061**

## Certificate of Service

      I, Oscar Cruz, Jr., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 2, 2012.

                                          */s/ Oscar Cruz, Jr.*
                                          **Oscar Cruz, Jr.**