

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*　　　　　　　　　　　*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

August 30, 2012

**BY FEDERAL EXPRESS**
Oscar Cruz, Esq.
Office of the Federal Public Defender
51 Sleeper Street, 5th Floor
Boston, MA 02210

　　　　　Re:　United States v. Derick Ritter,
　　　　　　　　Criminal No. 11-40037-FDS

Dear Attorney Cruz:

　　　At the status conference on August 23, 2012, Judge Saylor sustained your objection to then-Magistrate Judge Hillman's decision on your discovery motion (Docket No. 33) and ordered the government to produce all Brady material, subject to a protective order, by September 4, 2012.  See Docket No. 38.  Judge Saylor defined "Brady" material as "evidence that the victim would have engaged in the exact same behavior anyway," see Transcript of August 16, 2012 status conference at 9; thus, in the context of this case, evidence that the victim would have engaged in the particular conduct depicted in the videos recorded or requested by the defendant (and saved on the defendant's computer) regardless of the defendant's online presence or involvement.  Judge Saylor did not expressly decide whether or to what extent the Requested Information (as defined in the parties' respective filings) constituted "Brady" material.

　　　As I understand the defendant's motion, Ritter is seeking any and all information indicating that the victim would have engaged in the recorded sexual conduct regardless of the defendant's actions including, but not limited to, information regarding "any unsolicited showings of a sexual nature on web cam."  See Defendant's Motion to Compel Discovery (Docket No. 22).  While the government agrees that, pursuant to the Court's ruling, it must produce information indicating that the victim would have engaged in the recorded sexual conduct absent Ritter's involvement (i.e., information suggesting that the videos Ritter produced or requested were created as a result of Jane performing or showing for a group of individuals, of which Ritter was a part, and that she would have engaged in the conduct with or without him), we do not agree that such information includes evidence that Jane "showed" for individuals *other than* Ritter either before or after she met him.  As the government argued in its initial opposition to the defendant's motion for discovery (Docket No. 24), whether Jane showed for others – separate and apart from Ritter – has no bearing on whether Ritter used, persuaded,

induced, coerced or enticed her to show for him.  Put another way, just because Jane agreed to show for individuals X and Y online does not mean she necessarily agreed, without provocation, to show for Ritter at some earlier or later time.

      I understand that, in light of the government's position, it may be necessary to seek clarification from the Court with respect to how the Court's recent ruling applies to the specific information requested by the defendant.  In the meantime, however, the government will produce or make available any evidence that suggests that Jane would have engaged in the recorded sexual conduct irrespective of Ritter's actions (subject to the parameters described above).  To that end, enclosed please find a summary of statements made by the victim, to law enforcement, related to this issue.  In addition to these statements, the government will make available all relevant portions of the victim's computer hard drive for your review.  Please contact me at your earliest convenience to schedule a time to come to my offices (or the offices of the Federal Bureau of Investigation) to review the hard drive.  Please note that all of the above-described materials are being provided pursuant to the protective order which the government filed with the Court on August 23, 2012.  See Docket No. 42.

      As always, the government is aware that its discovery obligations are continuing.  Should the government obtain additional information that would be considered exculpatory in accordance with the Court's August 16, 2012 order, we will produce it as soon as possible.

                        Very truly yours,

                        CARMEN M. ORTIZ
                        United States Attorney

        By:    /s/ Karin M. Bell
                Karin M. Bell
                Assistant U.S. Attorney

Enclosures (submitted pursuant to Protective Order)

cc:    Craig Nicewicz, Clerk to the Honorable F. Dennis Saylor, IV (w/o enclosures)