IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DERICK RITTER | No. 11-CR-40037-FDS |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Derick Ritter, respectfully submits the following memorandum to assist the court with sentencing. On April 12, 2013, Mr. Ritter pled guilty to two of three counts listed in the above-captioned indictment pursuant to a binding plea agreement submitted to the Court. *See* Federal Rule of Criminal Procedure 11(c)(1)(C). Specifically, he changed his plea to guilty on Count one which charges Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a), and to Count two which charges Travel for the Purpose of Engaging in Illicit Sexual Conduct with a Minor, in violation of 18 U.S.C. § 2423(b). The charges arise from mutual electronic communications between Mr. Ritter and a teen-aged girl living in Massachusetts as well as his personal interactions with her in April of 2008, the day before her sixteenth birthday.

In addition to admitting to this offense conduct, Mr. Ritter also stipulated to relevant conduct involving his electronic and, in some instances, personal interactions, with three other teen-aged girls described as Jane Doe 2, Jane Doe 3, and Jane Doe 4 in the Presentence Report ("PSR"). After a long period of negotiations with the federal districts responsible for potential prosecutions involving these young women, the United States Attorney's Office here in Massachusetts was able to get its counterparts in those states to agree to a global disposition

which would take all of this conduct into account.  They were informed of the binding plea agreement presented in this case and were satisfied with its terms and its suggested sentence.

For the reasons that follow, Mr. Ritter submits that the jointly recommended sentence of **eighteen years** incarceration followed by fifteen years of supervised release with special conditions is more than sufficient to accomplish the purposes of sentencing set forth in 18 U.S.C.§ 3553(a).

### Background

Derick Ritter is 41 years old.  Born in York, PA, to loving parents who eventually divorced when he was 8 years old.  Other than dealing with his parents decision to end their marriage, Mr. Ritter's early years were relatively stable both emotionally and economically.  At age 19, he married Coby Jo Krebs and the couple eventually had two children, Magin (now age 22) and Joshua (now age 16).[1]  After several tumultuous years of marriage, Mr. Ritter and his wife eventually separated and underwent an acrimonious divorce.  Although he maintained contact with both of his children, Mr. Ritter had physical custody of and was responsible for the care of his daughter while his son was with his mother.

Mr. Ritter has suffered from diagnosed Bipolar Disorder since 1992.  Over the years, he has been treated for this condition and has attempted suicide on various occasions while suffering bouts of deep depression.  His emotional/mental condition became so impaired that he eventually resigned from his job as a manager of a Denny's restaurant in Pennsylvania.  He then began receiving disability benefits which have carried through to the present day.  In addition, Mr. Ritter is a morbidly obese man who has toggled around a weight of 500 pounds for many years. His poor physical condition requires him to sleep with a Continuous Positive Airway

---

[1] In paragraph 109 of the PSR "Krebs" is mistakenly spelled "Kress".

Pressure or "CPAP" machine as he periodically stops breathing overnight.  He has also been diagnosed with diabetes and is on a restricted diet at the Donald Wyatt Detention Center ("Wyatt").  Mr. Ritter has never abused illegal drugs and he has no prior criminal record.[2]

Mr. Ritter has tried to maintain a positive outlook and to remain in close contact with his children despite the difficult relationship with his ex-wife.  Although being treated in jail with a number of medications, Mr. Ritter has had a difficult time in custody due to his physical and emotional condition.  Various accommodations have had to be made because of his weight but the process has been slow and in some cases humiliating (i.e. Wyatt could not provide him with underwear that fit him so he had to walk around wearing a towel and or hospital johnny when he first arrived there in late 2011).

## Argument

The correctly-calculated Guideline Sentencing Range ("GSR") is 292-365 months (total offense level 40, CHC I) and the Court is required to consider it.  *See* 18 U.S.C. § 3553(a)(4); *Gall v. United States*, 128 S.Ct. 586, 596 (2007) ("the Guidelines should be the starting point and the initial benchmark").  The Guidelines are not the sole, nor even the first among the factors that Congress has commanded the courts to apply in section 3553(a).  The Court "may not presume that the Guidelines range is reasonable" and must "make an individualized assessment based on the facts presented."  *Id.* at 596-7.  The Supreme Court later emphasized again that the "Guidelines are not only <u>not mandatory</u> on sentencing courts; they are also not to be <u>presumed</u> reasonable."  *Nelson v. United States*, 129 S.Ct. 890, 892 (2009) (emphasis in original).

---

[2]Paragraph 114 of the PSR erroneously states that Mr. Ritter tried the drug ecstasy in the past.  He has never used that substance.

Thus, district courts are now permitted, indeed, directed to consider whether the Sentencing Commission's underlying policies, and/or their application to the facts of a particular case, result in a sentence that is too high. *See United States v. Kimbrough*, 128 S.Ct. 558, 575 (2007); *United States v. Boardman*, 528 F.3d 86 (1st Cir. 2008); *United States v. Martin*, 520 F.3d 87, 93-94 (1st Cir. 1998).

The First Circuit elaborated on the meaning and breadth of the so-called parsimony principle in *United States v. Yonathan Rodriguez*, 527 F.3d 221 (1st Cir. 2008). In *Rodriguez*, the First Circuit stressed that the Supreme Court ruling in *Kimbrough* requires a "more holistic inquiry" and that "section 3553(a) is more than a laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the thread of an overarching principle." *Id*. at 228. That overarching principle is to "impose a sentence sufficient but not greater than necessary." *Id*. In reaching a decision on what constitutes an appropriate sentence, the district court should "consider all the relevant factors" and "construct a sentence that is <u>minimally sufficient</u> to achieve the broad goals of sentencing." *Id.* (emphasis added).

Here, the parties have considered the GSR but have agreed to recommend a sentence of eighteen years which is more than sufficient under the circumstances. Again, this recommendation has also been reviewed and approved by other United States Attorney's Offices which could potentially prosecute Mr. Ritter for his interactions with Jane Does 2, 3, and 4.

> **A.     The Proposed Sentence Approximates the Most "Just Punishment" Among Legally Available Options.**

The proposed sentence of eighteen years incarceration represents an enormous penalty more than sufficient to reflect the seriousness of the offense, to promote respect for the law, and

to provide adequate punishment as required by section 3553(a)(2)(A).  Prior to his arrest in this case, Mr. Ritter had not spent one day in prison.  By the time the proposed sentence is completed, it will have consumed nearly one third of Mr. Ritter's life.  He has already experienced the heartaches that can be associated with being in custody as his father passed away within months of the arrest in this case.  The sentence being recommended will separate him from his children for close to two decades.

In addition, the fifteen years of supervision to follow amounts to a further "substantial restriction on freedom."  *Gall*, 128 S.Ct. at 595.

The extraordinarily high GSR in this case is driven by a complex series of calculations related to the number of named victims involved in this case as well as the various duplicative enhancements which attach to each of these individual offenses.  Mr. Ritter regrets his conduct in these instances and did not intentionally threaten or wish to harm any of the young women involved in these cases.  His actions are attributable to the behavior of a lonely and depressed obese man who retreated to the use of a computer in order to create relationships.  Although there is no formal objection to the guidelines calculation, paragraph 25 of the PSR is misleading in the sense that although the offense involving Jane Doe from Massachusetts did involve a sexual act or contact, it was not "forced".  All of the contact that Mr. Ritter had with Jane Doe here in Massachusetts was consensual.  The same can be said of his interactions with Jane Doe's 2, 3, and 4.

These comments are certainly not made to minimize the seriousness of the conduct but simply to place it in the proper context.  In addition to AUSA Bell, prosecutors in three other districts have studied the offense conduct in these cases, reviewed Mr. Ritter's circumstances

and they have arrived at the same conclusion in terms of resolving this matter. Under the circumstances, anything greater than the proposed eighteen years sentence would be excessive and counterproductive. As the Supreme Court warned in *Gall*, a "sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." 128 S.Ct. at 599.

### B. The Proposed Sentence Will Adequately Deter Criminal Conduct and Protect the Public.

The proposed sentence will be more than sufficient to deter Mr. Ritter and others from future criminal activity, as required by sections 3553(a)(2)(B) and (C). There are no data to suggest any length of incarceration beyond eighteen years would provide any marginally greater deterrent effect. In addition, fifteen years of supervised release and registration as a sex offender will keep Mr. Ritter under watchful eyes until he approaches the age of 70, an age at which recidivism is statistically proven to have dropped dramatically.

### C. The Proposed Sentence Will Provide the Defendant With Needed Treatment.

The proposed sentence is sufficient to provide Mr. Ritter with any correctional treatment that may be needed, satisfying 18 U.S.C. § 3553(a)(2)(D). In eighteen years, Mr. Ritter can avail himself of myriad educational and treatment opportunities, including any proposed sex-offender treatment which may be available.

**Respectfully submitted,**

**DERICK RITTER**
**by his attorney,**

*/s/ Oscar Cruz, Jr.*
**Oscar Cruz, Jr.**
**BBO# 630813**
**FEDERAL PUBLIC DEFENDER OFFICE**
**51 Sleeper Street, 5th Floor**
**Boston, MA 02210**
**617-223-8061**
*OSCAR_CRUZ@FD.ORG*

## Certificate of Service

I, Oscar Cruz, Jr., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 3, 2013.

*/s/ Oscar Cruz, Jr.*
**Oscar Cruz, Jr.**